FILED
United States Court of Appeals
Tenth Circuit

August 31, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

TERRY KINTE ANGLIN,

      Defendant - Appellant.

No. 15-6080
(D.C. No. 5:13-CR-00225-R-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **LUCERO**, and **PHILLIPS**, Circuit Judges.

Following his acceptance of a plea agreement that included a waiver of his right to appeal, Terry Kinte Anglin pleaded guilty to possession with intent to distribute at least 28 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 87 months' imprisonment. Despite his waiver, Anglin filed an appeal. The government has moved to enforce Anglin's appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

---

[*] This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In evaluating a motion to enforce a waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Anglin's counsel has filed a response, "conclud[ing] that no good-faith grounds exist by which to oppose the government's motion." Aplt. Resp. at 1.

Our independent review confirms that Anglin's appeal waiver is enforceable. His appeal issues fall within the scope of his waiver. The plea agreement clearly sets forth the appeal waiver and states that it was knowing and voluntary, and the district court confirmed Anglin's understanding of his appeal waiver during his change of plea hearing. Moreover, we see no evidence contradicting Anglin's knowing and voluntary acceptance of the appeal waiver. Finally, there is no indication that enforcing the waiver would result in a miscarriage of justice as defined in *Hahn*, 359 F.3d at 1327.

The motion to enforce is granted and this matter is dismissed.

Entered for the Court
Per Curiam
